UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER, | No. 2:14-cv-0026-KJM-EFB P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| R. E. BARNES, | |
| Respondent. | |

Petitioner is a state prisoner proceeding without counsel on a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent has filed a motion to dismiss the petition, ECF No. 11, and petitioner has filed an opposition to respondents' motion, ECF No. 18.[1]  For the reasons that follow, the undersigned recommends that respondent's motion to dismiss be granted.

**I.    BACKGROUND**

On May 16, 2012, a jury convicted petitioner of carjacking and of being a felon in possession of a firearm.  ECF No. 12, Notice of Lodging Document in Paper ("Lodg. Doc.") 1 (Abstract of Judgment from Sacramento County Superior Court).  On June 29, 2012, a

---

[1] Petitioner also filed a motion for "a change of address," informing the court that he is now at California State Prison in Lancaster, California.  ECF No. 22.  While petitioner "is under a continuing duty to notify the Clerk and all other parties of any change of address," *see* E.D. Cal. L.R. 182(f), a motion is not necessary to comply with the Local Rules.  In light of petitioner's notification of the court of the change of address, the Clerk has updated docket to include the new address, *see* ECF No. 21, the motion is denied as moot.

Sacramento County Superior Court judge sentenced petitioner to an indeterminate state prison term of sixty-two years to life. *Id.* Petitioner did not appeal the judgment.

On June 24, 2012,[2] petitioner filed a habeas petition[3] in the Sacramento County Superior Court ("Superior Court"). Lodg. Doc. 2. The Superior Court denied that petition on August 15, 2012. Lodg. Doc. 4. On October 22, 2012, petitioner attempted to appeal the Superior Court's denial to the California Court of Appeal, Third Appellate District. Lodg. Doc. 5.[4] The Court of Appeal dismissed petitioner's notice of appeal on November 21, 2012, explaining that "the order appealed from is nonappealable," citing *In re Crow*, 4 Cal. 3d 613, 621 n.8 (1971). Lodg. Doc. 6. Petitioner filed for a habeas petition in the California Supreme Court on May 31, 2013.[5] Lodg. Doc. 7. The Supreme Court denied that petition on July 17, 2013. Lodg. Doc. 8.

Petitioner filed his federal habeas petition on December 26, 2013. ECF No. 1.

## II.   THE LIMITATIONS PERIOD

Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), a one-year limitations period for seeking federal habeas relief begins to run from the latest of: (1) the date the judgment became final on direct review (or April 25, 1996, if the judgment became final prior to AEDPA's enactment), (2) the date on which a state-created impediment to filing is removed,

---

[2] Unless otherwise noted, the court deems the filing date for each of petitioner's habeas petitions to be the date reflected on the certificate of service for the respective petitions. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to prison staff for delivery to the court); *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) (applying mailbox rule to petitions filed in state court), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

[3] Petitioner filed a request for a writ of mandate, but the Superior Court construed the filing as a petition for writ of habeas corpus. *See* Lodg. Doc. 3.

[4] Because petitioner did not date his signature or include a proof of service with his filing in the Court of Appeal, this court employs the date stamped on the filing. *See also* Lodg. Doc. 6 (referring to the petitioner's filing as "the appeal filed on October 22, 2012").

[5] Petitioner's proof of service is dated March 5, 2013. Lodg. Doc. 7. However, the California Supreme Court returned the document to petitioner as unfiled on May 17, 2013 because petitioner did not include an original signature. Petitioner resubmitted the document to the California Supreme Court without changing the dates of his signature and proof of service on May 31, 2013. *Id.* This court employs the May 31, 2013 because that appears to be the date on which petitioner properly filed the petition.

(3) the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review, or (4) the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D); *Malcom v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002).

### A. Statutory Tolling

No statute tolls the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, if a petitioner properly files a state post-conviction application prior to the expiration of the limitations period, the period is tolled and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and the filing of a new petition in a higher court if the second petition was filed within a "reasonable time" after the denial of the first. *Carey v. Saffold*, 536 U.S. 214, 221 (2002); *Stancle v. Clay*, 692 F.3d 948, 956 (9th Cir. 2012); *see also Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (finding that delays of ninety-one days and eighty-one days are "far longer than the Supreme Court's thirty-to-sixty-day benchmark for California's 'reasonable time' requirement," and are, without adequate explanation, unreasonable under California law). A federal habeas application does not provide a basis for statutory tolling, *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), nor does a state petition filed after the federal limitations period has expired, *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

### B. Equitable Tolling

The limitations period may also be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner has the burden of showing facts entitling him to equitable tolling. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The threshold necessary to trigger equitable tolling

is very high, "lest the exceptions swallow the rule." *Waldron–Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Equitable tolling may be applied only where a petitioner shows that some external force caused the untimeliness. *Id.*

## III. ANALYSIS

Because petitioner did not file an appeal after his sentencing on June 29, 2012, his "time for seeking direct review" under § 2244(d)(1)(A) expired sixty days after that date, and the limitations period began on August 29, 2012. *See* Cal. R. Ct. 8.308(a) (requiring that appeals from criminal judgments be filed within sixty days of the rendition of judgment). Despite having until August 28, 2013 to file his federal habeas petition, petitioner did not do so until December 26, 2013—nearly four months after the expiration of the limitations period. Absent tolling, his petition is barred under AEDPA.

In his opposition to respondent's motion to dismiss, petitioner states that he is "now relying on newly discovered facts that could not be uncovered earlier during the state proceeding through due diligence . . . ." ECF No. 18 at 9 (internal quotation marks omitted).[6] While such a circumstance might warrant a later start date of the limitations period under § 2244(d)(1)(D), an evaluation of due diligence is impossible in light of petitioner's failure to identify the "newly discovered facts." Because petitioner has failed to make an adequate showing of due diligence, the limitations period began when his time for seeking direct review expired (i.e., sixty days after his sentencing on June 29, 2012) and that his federal habeas petition is untimely absent tolling. *See Majoy v. Roe*, 296 F.3d 770, 777 n.3 (9th Cir. 2002) ("[Petitioner] has not made an adequate showing of due diligence as required by § 2244(d)(1)(D) to invoke this tolling provision."); *see also DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006) ("[T]he petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim . . . .").

/////

/////

---

[6] For ease of reference, all citations to court documents are to the pagination assigned via the court's electronic filing system.

**A. Statutory Tolling**

The Superior Court denied petitioner's first state habeas petition on August 15, 2012—two weeks before the limitations period even commenced. Lodg. Doc. 4. A collateral action filed prior to the effective date of the limitations period, however, does not toll the limitations period. *See Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008) (explaining that although the filing of a state habeas petition "would otherwise have tolled the running of the federal limitations period, since it was denied before that period had started to run, it had no effect on the timeliness of the ultimate federal filing"). Thus, petitioner's first state habeas petition did not toll the limitations period.

Petitioner's attempt to appeal the Superior Court's denial of his first state habeas petition also did not toll the limitations period. As noted above, an application tolls the limitations period only when it is properly filed, meaning that "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz*, 531 U.S. at 8. Here, the Court of Appeal rejected petitioner's attempt to appeal the denial on the ground that the order was not appealable. Lodg. Doc. 6 (citing *In re Crow*, 6 Cal.3d at 621 n.8).[7] The Court of Appeal thus refused to accept petitioner's notice of appeal because it was not "in compliance" with the procedural rules for seeking review of habeas petitions. Accordingly, petitioner's filing of that notice of appeal did not toll the limitations period.

Respondent concedes that petitioner properly filed his habeas petition in the California Supreme Court and thereby tolled the limitations period. ECF No. 11 at 5. Specifically, that petition tolled the limitations period from the date that petitioner filed it (May 31, 2013) to the date that the California Supreme Court denied it (July 17, 2013). Because petitioner tolled the limitations period under § 2244(d)(2) for those forty-eight days, he had until October 15, 2013 to

/////

/////

---

[7] In *In re Crow*, the California Supreme Court explained that a "prisoner cannot assert any right to appeal the denial of his petition for writ of habeas corpus . . . . Since the petitioner cannot appeal, his remedy lies in the petition for habeas corpus to a higher court." 6 Cal. 3d at 621 n.8 (citations omitted).

5

file his federal habeas petition.  Because petitioner did not file his federal petition until December 26, 2013, even with statutory tolling his petition is untimely.[8]

**B.  Equitable Tolling**

In his opposition to respondent's motion to dismiss, petitioner mentions—but does not argue for the application of—equitable tolling.  *See* ECF No. 18 at 8.  Because petitioner has not satisfied his burden of showing facts entitling him to equitable tolling, application of the doctrine is not warranted.  *Smith v. Duncan*, 297 F.3d at 814; *Miranda*, 292 F.3d at 1065.

Because petitioner is not entitled to equitable tolling, his federal petition—even with statutory tolling—is untimely and barred under AEDPA.[9]

**IV.   RECOMMENDATION**

Accordingly, it is hereby RECOMMENDED that (1) respondent's motion to dismiss (ECF No. 11) be granted, (2) petitioner's motion "for a change of address" (ECF No. 22) be denied, and (3) the petition for writ of habeas corpus (ECF No. 1) be dismissed with prejudice as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

---

[8] If the notice of appeal that petitioner filed in the Court of Appeal were a properly filed application, petitioner's filing would toll the limitations period only from October 22, 2012 (the day he filed in the Court of Appeal) and November 21, 2012 (the day the Court of Appeal dismissed the notice of appeal).  Even with those thirty-one days and the forty-eight days that petitioner's habeas petition was pending in the California Supreme Court, petitioner's federal petition would still be untimely under AEDPA.

[9] Respondent also argues that the court should grant the motion to dismiss because petitioner has failed to exhaust the claims contained in his federal petition.  *See* ECF No. 11 at 6; *see also* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Because the statute of limitations issue is dispositive, the court need not consider alternative reasons for dismissing the petition.  *Cooper v. Neven*, 641 F.3d 322, 328 (9th Cir. 2011).

*Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: December 9, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE